Filed 5/29/15  P. v. Lopez CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>         v.<br><br>CODY J. LOPEZ,<br><br>    Defendant and Appellant. | B257481<br><br>(Los Angeles County<br>Super. Ct. No. NA097713) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Tomson T. Ong, Judge.  Affirmed.

Eric Cioffi, under appointment by the Court of Appeal, for Defendant and Appellant.

No response by Plaintiff and Respondent.

_____

On December 6, 2013, California Highway Patrol Officer Phillip Dibene pulled over a red Volkswagen Jetta driven by Cody Lopez. Lopez did not have a driver's license or vehicle registration, but instead gave Dibene a car rental agreement in the name of Shannon Speigner and said that she was his friend. Dibene's partner discovered that a "dealer's paper license plate" was in fact covering an actual license plate. A computer search revealed that the license plate on the Jetta in fact belonged to a Nissan. After running the Jetta's vehicle identification number, Dibene learned that the Jetta had been rented from Enterprise Rent-A-Car and had been reported stolen eight days earlier.

Dibene arrested Cody and gave him his *Miranda*[1] warnings. Dibene's patrol car had audio and video recorders, which captured an exchange between Dibene and Lopez. In short, Lopez claimed that Speigner, who he had just met, let him borrow the car. Asked whether he thought that was "weird and shady," Lopez replied, "Well, I thought the most I would get was 'driving without a license.' I didn't know this car was stolen." Lopez had the car key on his own key chain. He claimed he was alone when he met Speigner at a 99 Cents Store.

Dibene had also learned that Speigner met acquaintance Daniel Davis at the 99 Cents Store, and that Davis had taken the car. While booking Lopez, Dibene asked whether he knew Davis. Lopez said he did, and that he and Davis met Speigner at the 99 Cents Store intending to sell her fake drugs. When they left the store, Davis said they should steal Speigner's car. Lopez drove off in the car they had arrived in while Davis drove away in Speigner's rental car. Lopez told Dibene that he began driving the Jetta after that time.

Lopez had two prior convictions for unlawful taking or driving of a vehicle (Veh. Code, § 10851), and he was charged with one count of unlawful taking or driving of a vehicle, with a prior conviction of the same offense. (Pen. Code, § 666.5.) The information also alleged Lopez's sentence should be enhanced because he committed another felony offense while out on bail in this case. (Pen. Code, § 120221.)

---

[1] *Miranda v. Arizona* (1966) 384 U.S. 436.

At trial, Dibene testified as outlined above. Mario Montenegro of Enterprise testified that Speigner had rented the car and reported it stolen on November 28, 2013. Due to an internal mix up, the Jetta had the wrong license plate, Montenegro said. He also testified that neither Davis nor Lopez had permission to drive the Jetta.

Speigner testified that she knew Davis through an online dating site but had not yet met him in person. Speigner was shopping at the 99 Cents Store when Davis texted that he was in the area and said he would meet her there. Lopez was with him, and both men arrived in a blue SUV. Speigner was in the parking lot when they arrived, and all three entered the store together. Davis asked if he could borrow Speigner's cell phone to call his children. Speigner had left her phone in the car and gave Davis the keys so he could get the phone. Davis and Lopez exited the store together. A few minutes later, as Speigner waited in the check-out line, she reconsidered the wisdom of her decision to give Davis the car keys and ran out of the store to find him. When she got to the parking lot, both her rental car and the blue SUV were gone.

Before trial began Lopez admitted that he had a prior conviction under section 10851. After the trial, a jury convicted Lopez on the unlawful taking or driving a vehicle count. Lopez waived his right to a jury trial on the truth of the section 12022.1 enhancement, and the trial court later found that allegation true after taking judicial notice of the fact that while on bail in this case, Lopez was arrested on another charge under Vehicle Code section 10851 and later pleaded either guilty or no contest. Lopez was given a combined state prison sentence of six years – four years for the car theft conviction, and two years for the out on bail enhancement.

Lopez filed a notice of appeal. On February 5, 2015, his appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) in which no issues were raised. The brief included a declaration from counsel that he had reviewed the record and had sent Lopez a letter advising him that such a brief would be filed and that he could file a supplemental brief if he chose to. That same day this court sent Lopez a letter advising him that a *Wende* brief had been filed and that he had 30 days to submit a brief raising any issues he wanted us to consider. Lopez did not file a supplemental brief.

3

We have examined the entire record and are satisfied that appellant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*Smith v. Robbins* (2000) 528 U.S. 259; *Wende, supra,* 25 Cal.3d 436.)

## DISPOSITION

The judgment is affirmed.

                                                    RUBIN, J.

WE CONCUR:


          BIGELOW, P. J.



          GRIMES, J.

4